# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO, | 1:11-cv-01695-LJO-BAM (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND |
| v. | |
| S. LOPEZ, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

### First Screening Order

**I.   Screening Requirement and Standard**

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 11, 2011, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is housed at Kern Valley State Prison, where the events alleged in his complaint occurred. Plaintiff names the following defendants: (1) S. Lopez, Chief Medical Officer at Kern Valley State Prison; (2) Dr. Huang; (3) Dr. Schaffer; (4) Dr. Shittu; (5) A. Manasrah, Nurse Practitioner; (6) I. Grewel, LVN, Appeals Reviewer; and (7) L. Bluford, Health Program Specialist-I, Appeals Reviewer.

Plaintiff alleges as follows: On April 25, 2005, Plaintiff presented to the clinic at Calipatria State Prison with low back pain ("LBP") and muscle spasms. Several months later, after continuous pain without treatment, Plaintiff was referred for a radiological consult. In November 2006, Plaintiff again presented to the clinic with LBP, increased in pain and intensity. Nurse Practitioner Thomas determined that it was "over use" syndrome and a low back sprain-strain. In February 2007, Nurse Thomas referred Plaintiff to radiology for an MRI. Plaintiff still

had pain and was unresponsive to physical therapy.  Nurse Thomas also noted that Plaintiff had parasthesia and radiating pain down the left leg to the toes.  In March 2007, Nurse Thomas noted that Plaintiff had been in chronic pain since November 2005 and referred Plaintiff to the doctor for a follow-up pending the MRI results.

In mid-2007, Plaintiff was transferred to the Sierra Conservation Center.  Plaintiff renewed his complaints to the medical staff and was referred to the Chronic Care Program.  In May 2008, Plaintiff was prescribed Ibuprofen for his chronic LBP.  One month later, Plaintiff complained that the ibuprofen was not preventing pain.

In September 2008, Plaintiff was transferred to an Arizona state prison, Florence Corrections Center, under the CDCR's California Out-of-State Correctional Facility Program.  On intake, Plaintiff renewed his complaints about LBP and parasthesia.  On September 18, 2008, Plaintiff was seen by the triage nurse and referred to the doctor.  On November 4, 2008, Plaintiff was x-rayed and it was a discovered that he had narrowing of the spine at the L-5 vertebra.  An MRI done three weeks later showed narrowing and herniation at L5-S1.  The radiologist's impression was disc degeneration and herniation, causing the nerve to be pinched.  On December 8, 2008, Dr. Michael Hegmann ordered surgery to repair the injury.  While at Florence, Plaintiff was prescribed a series of effective pain management medications that aided in his ability to function, sleep and go about his daily living.  On January 2, 2009, Plaintiff was seen by Dr. Xuong Wilkinson to be cleared for transfer back to California.  He advised Plaintiff of the need for surgery.

Plaintiff was transferred to Kern Valley State Prison with the understanding that the surgery ordered and authorized by Drs. Hegmann and Wilkinson would be performed.  Upon arrival at KVSP, Plaintiff's Tramadol (Ultram) medication was discontinued.  He was left with ibuprofen and Elavil, which did not adequately prevent or reduce his chronic pain.

On March 29, 2009, Plaintiff presented to the KVSP clinic with his LBP issues.  Plaintiff advised the nursing staff that he was approved for back surgery to resolve his bulging disc and pinched nerve at L5-S1.  Plaintiff also advised that his current medication was not sufficient to manage his pain.

After submitting numerous health care requests, and an inmate health care appeal, it was determined that Plaintiff was receiving adequate medication despite experiencing pain and parasthesia.  Review by Dr. Lopez indicated that further diagnostic study was not medically necessary as previously determined by clinical staff.

Plaintiff continued to submit 7362s to seek respite from continued chronic pain.  Each time he was given medications that had never been effective in managing his pain.

Plaintiff alleges that Nurse Practitioner Manasrah has refused to do anything beyond the current ineffective treatment.  Nurse Practitioner Manasrah simply told Plaintiff to take ibuprofen and avoid exercise, heavy lifting and sudden movements.  Defendants I. Grewel and L. Bluford have made medical determinations that coincide with the above and have not granted the Plaintiff any relief during the health care appeal process.

Plaintiff contends that he is still suffering from severe and increasing LBP, and is now suffering from muscle spasms in his left leg and toes, along with the existing parasthesia.  Plaintiff also has difficulty sleeping and performing his daily activities.

Plaintiff asserts causes of action for deliberate indifference against Defendants Lopez, Huang, Schaffer, Shittu, A. Manasrah, I. Grewel and L. Bluford.  Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

**III.    Deficiencies of Complaint**

**A.  Linkage Requirement**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 677, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

In his complaint, Plaintiff does not include any specific allegations identifying Defendants Huang, Schaffer and Shittu. In other words, Plaintiff includes no factual allegations demonstrating that any of these defendants personally participated in the deprivation of his rights. As discussed below, Plaintiff will be given an opportunity to cure this deficiency to the extent that he is able.

### B. Eighth Amendment-Deliberate Indifference to Serious Medical Need

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff does not include sufficient allegations to state a deliberate indifference claim against Defendants Lopez, Manasrah, Grewel and Bluford. At best, Plaintiff has established a difference of opinion regarding the appropriate course of medical treatment for his LBP between medical staff at Kern Valley State Prison and medical staff at Florence Corrections Center. This is not sufficient to state a claim under section 1983. Sanchez, 891 F.2d at 242. Plaintiff will be given an opportunity to cure this deficiency.

### C. Appeals

Plaintiff alleges that Defendants Bluford and Grewel are liable based on their participation in reviewing his grievances. However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The complaint therefore fails to state a cognizable claim against Defendants Bluford and Grewel based on the administrative review process.

### D. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a first amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this

suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 23, 2013**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE