UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S.LOPEZ, et al,<br><br>　　　　　Defendant. | 1:11-cv-01695-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 30) |

　　　　Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint, filed on October 24, 2013, against Defendants Lopez, Schaffer and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Defendants answered the first amended complaint on February 14, 2014, and the Court issued a Discovery and Scheduling Order on February 19, 2014.

　　　　On April 7, 2014, Plaintiff filed the instant motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

1

section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff asserts that the appointment of counsel is necessary because he cannot afford a lawyer, he cannot speak English, he relies on inmate assistance, his imprisonment limits his ability to litigate this case, the issues are complex, trial will involve conflicting testimony and a lawyer would engage in serious settlement negotiations. Plaintiff alleges that his case has merit because multiple doctors agreed that he required surgery, but only Defendants refused the clear medical diagnosis.

The Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving allegations of deliberate indifference to serious medical needs almost daily from indigent prisoners relying on the assistance of other inmates. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Id. While Plaintiff asserts that he cannot speak English, he has not provided supporting evidence for the Court's consideration. Based on the record, there is no indication that Plaintiff has been unable to adequately articulate his claims. However, Plaintiff will not be precluded from renewing his motion and providing supporting evidence.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.
IT IS SO ORDERED.

Dated:   **April 15, 2014**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE