UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:11-cv-01695-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br>(ECF No. 36) |

**I.     Introduction**

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Lopez, Schaffer and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Currently pending before the Court is Plaintiff's motion, filed on September 24, 2014, seeking to compel Defendants' production of documents.  (ECF No. 36.)  Defendants opposed the motion on October 7, 2014.  (ECF No. 37.)  Plaintiff did not file a timely response and the motion is deemed submitted.  Local Rule 230(l).

///

///

///

1

**II.     Motion to Compel Responses to Requests for Production of Documents**

    A.  Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, 2010 WL 892093, at *2 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with other forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C).

    B.  Discussion

On April 23, 2014, Plaintiff served defendants with a First Request for Production of Documents ("POD"). (ECF No. 37, Ex. A.) Defendants responded on June 19, 2014. (ECF No. 37, Ex. B.) Plaintiff now seeks further responses to requests 6, 7, 8, and 12, along with continued compliance with requests 1-5, 9, and 10.

**POD 6:** All medical operating procedures in place at Kern Valley State Prison while Plaintiff was confined there, between January 2009 through February 2012. This is to include all official and non official/non-published medical operating procedures, including but not limited to any "underground rules"; non-published but written directives in the form of memo, e-mail, etc.,

1  concerning policies either granting or denying surgeries; and any document that states a policy,
2  directive, or suggestion that certain surgeries are to be denied or granted based on financial
3  considerations or any other non-medical rationale.

4  **Response:**  Defendants are presently unaware of any such responsive documents.  However,
5  discovery is continuing and defendants reserve the right to amend this response[] as further
6  information becomes available.

7  **Ruling:**  Plaintiff's motion to compel is denied.

8  Plaintiff's request is overbroad and is not appropriately narrow as to the type of medical
9  procedure or surgery for which he seeks the production of documents.  Defendants were forced to
10 limit the scope of the request to surgeries (versus operational procedures) and have indicated that no
11 responsive documents are known to exist.  Defendants cannot be compelled to produce documents that
12 do not exist.

13 Defendants have further indicated that any general CDCR medical procedures are available for
14 prisoners to review.  Defendants cannot be compelled to produce documents that are equally available
15 to Plaintiff.  Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit the extent of discovery allowed if it
16 determines that the discovery sought can be obtained from some other source that is more convenient,
17 less burdensome, or less expensive).

18 Additionally, Defendants have stated their willingness to participate in a meet and confer
19 process with Plaintiff if he wishes to clarify what he seeks through discovery.  Plaintiff may want to
20 engage in such efforts to narrow the scope of POD 6.

21 As a final matter, Defendants have acknowledged their continuing obligation to supplement
22 their discovery responses.  See Fed. R. Civ. P. 26(e)(1).

23 **POD 7:**  All medical operating procedures from the Office of the Chief Medical Officer at
24 Kern Valley State Prison between January 2009 through February 2012, including but not limited to
25 any document that aided or played a part in Chief Medical Officer S. Lopez making decisions
26 concerning the granting or denial of surgeries.

27
28

3

**Response:** Defendants are presently unaware of any such responsive documents. However, discovery is continuing and defendants reserve the right to amend this response[] as further information becomes available.

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff's request is overbroad and is not narrowly tailored as to any specific surgical procedure. Defendants have indicated that no responsive documents are known to exist. However, Defendants also have indicated that any documents that aided or played a part in Chief Medical Officer S. Lopez making decisions concerning the granting or denial of surgeries would be contained in Plaintiff's medical files and that a copy of Plaintiff's medical records was provided to him. Defendants cannot be compelled to provide responsive documents that do not exist or that have already been produced.

Defendants have further indicated that any general CDCR medical procedures are available for prisoners to review. Defendants cannot be compelled to produce documents that are equally available to Plaintiff. Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit the extent of discovery allowed if it determines that the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive).

As with POD 6, Plaintiff may wish to engage in meet and confer efforts with Defendants to narrow the scope of POD 7.

**POD 8:** All policy directives or suggestions coming from the Office of the Chief Medical Officer at Kern Valley State Prison between January 2009 through February 2012 to medical staff concerning granting, denying or delaying surgery to inmates. This is to include any notes, memos, e-mails, faxes, etc.

**Response:** Defendants are presently unaware of any such responsive documents. However, discovery is continuing and defendants reserve the right to amend this response[] as further information becomes available.

**Ruling:** Plaintiff's motion to compel is denied.

Defendants have indicated that if Plaintiff is requesting documents relating to individual inmates, he would not be entitled to those. Defendants are correct. Documents related to specific

4

inmates other than Plaintiff are not relevant to any grant or denial of surgery to Plaintiff and are not discoverable.  As Defendants have indicated that documents relating to denying surgery for Plaintiff have been provided in his medical records, Defendants cannot be compelled to produce additional documents that do not exist.

**POD 12:**  A list of the number of inmate requests for back surgery at Kern Valley State Prison between 2007 to 2013 and the number of grants and denials.  Separately, the number of those requests that were denied that had a doctor's recommendation for surgery.

**Response:**  Defendants object to this request as it is overbroad, burdensome and irrelevant and not likely to lead to the discover[y] of relevant or admissible evidence.  Defendants further object on the grounds that the request seeks disclosure of confidential medical information of persons who are not parties to this lawsuit.  Defendants further object on the grounds this request seeks a compilation of data and is not a request for documents.

**Ruling:**  Plaintiff's motion to compel is denied.

This request is overbroad, burdensome and will result of the production of information that is not relevant to any claim or defense.  Further, the request seeks a compilation of data, which Defendants are not obligated to create in response to a document request.  Rule 34 requires parties to produce documents that already exist, but it does not require parties to create new data.  Paramount Pictures Corp. v. Replay TV, 2002 WL 32151632, *2 (C.D. Cal. May 20, 2002).  Here, there is no indication that the information already exists in a readily accessible form.  Instead, it would require CDCR to compile data by reviewing medical records of individual inmates.

**PODs 1-5, 9, and 10:**  Plaintiff requests continued compliance with these requests for production of documents.  As noted above, the Federal Rules of Civil Procedure impose a continuing obligation on the parties to supplement their discovery responses if they learn that a response is incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1)(A).  Accordingly, the Court need not address Plaintiff's requests 1-5, 9 and 10 at this time.  Further, Defendants have expressed their willingness to participate in a meet and confer process with Plaintiff if he wishes to clarify what he seeks through discovery.

///

**III.     Conclusion and Order**

For the reasons stated, Plaintiff's motion to compel the production of documents, filed on September 24, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 7, 2014**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE