UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO,<br><br>            Plaintiff,<br><br>     v.<br><br>S. LOPEZ, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-01695-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 52) |

**I.     Procedural Background**

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lopez, Schaefer and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.[1]

On February 19, 2014, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the deadline to amend pleadings was August 19, 2014. (ECF No. 27.)

On March 6, 2015, Plaintiff filed a motion for leave to file an amended complaint. Plaintiff also lodged his proposed second amended complaint. (ECF Nos. 51, 52.) Defendants opposed the

---

[1] Defendant Schaefer was erroneously sued as "Schaffer."

1

motion on March 24, 2015.  (ECF No. 53.)  No reply was filed and the motion is deemed submitted.  Local Rule 230(l).

## II.     Discussion

### A.  Proposed Amendment

Plaintiff seeks to amend his complaint to add an Eighth Amendment deliberate indifference claim against the California Department of Corrections and Rehabilitation ("CDCR").  (ECF No. 52, p. 2.)

### B.  Legal Standard

As Plaintiff's request to amend is after expiration of the Scheduling Order deadline for amendment of pleadings, the Court must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16, rather than the liberal amendment standard of Rule 15.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end. Id.

Here, Plaintiff's attempt to amend is untimely.  Further, there is no indication that Plaintiff was diligent in seeking amendment.  Plaintiff made no effort to add his proposed cause of action against CDCR prior to the relevant deadline to amend the pleadings in August 2014.  Although Plaintiff contends that he discovered the potential claim against CDCR based information obtained through discovery, which is ongoing, his proposed amendment is nonetheless futile.  The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson,

616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); <u>Buckwalter v. Nevada Bd. of Medical Examiners</u>, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against CDCR.  Therefore, any amendment is futile.

### III.     Conclusion and Order

For the reasons stated, Plaintiff's motion for leave to file an amended complaint is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 9, 2015**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE