UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO,<br><br>           Plaintiff,<br><br>      v.<br><br>S. LOPEZ, et al.,<br><br>           Defendants. | Case No.: 1:11-cv-01695-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT MANASRAH'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS<br><br>(ECF No. 58) |

**I.     Introduction**

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Lopez, Schaeffer (erroneously sued as Schaffer) and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently pending before the Court is Plaintiff's motion, filed on May 13, 2015, seeking to compel Defendant Manasrah's responses to certain of Plaintiff's interrogatories and requests for production of documents.  (ECF No. 58.)  Defendant Manasrah opposed the motion on May 29, 2015. (ECF No. 63.)  Plaintiff did not file a timely response and the motion is deemed submitted.  Local Rule 230(l).

///

## II. Motion to Compel Responses to Interrogatories

### A. Standard

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### B. Discussion

On November 9, 2014, Plaintiff served Defendant Manasrah with a Request for Interrogatories: Set Two. Defendant Manasrah responded on January 13, 2015. (ECF No. 58, Ex. A.) Plaintiff now seeks to compel a further response to Interrogatory No. 1.

**Interrogatory No. 1:**

In 2010 through 2011, you saw the Plaintiff after he was half way through his stay at KVSP. He sent in 13 Medical Requests 7362 for back pain. As you handled this requests, how many did you refer to his PCP for an appointment? And what medical reasons existed in the ones you did not refer to his PCP?

**Response to Interrogatory No. 1:**

Defendant objects to this request as it is compound. Defendant further objects to the request on the grounds that it is burdensome and oppressive and would require Defendant to go through Plaintiff's medical records and review every instance in which Defendant may have seen Plaintiff. Without waiving said objections, defendant is a licensed Nurse Practitioner Furnishing, Defendant is a primary medical provider.

(ECF No. 58, Ex. A.)

///

**Ruling:**

Plaintiff's motion to compel a further response to this interrogatory shall be denied. According to the response, Defendant Manasrah is a primary care provider (PCP). As Defendant correctly argues, the question cannot be answered as Defendant Manasrah does not make referrals to a PCP because he is a PCP. Defendant indicates that this is explained in greater detail in response to further interrogatories, which Plaintiff may not have received at the time the motion to compel was filed.

**III.    Motion to Compel Responses to Requests for Production of Documents**

A.  Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

B.  Discussion

On November 9, 2014, Plaintiff served defendants with a Request for Production of Documents, Set Four ("POD"). (ECF No. 58.) On February 20, 2014, Defendants subpoenaed Plaintiff's medical records from Valley State Prison. On June 19, 2014, Plaintiff was provided with a complete copy of the medical records obtained pursuant to that subpoena. There were no deletions or redactions. (ECF No. 58, Ex. B; ECF No. 63 and Declaration of James C. Phillips ¶ 2.)  Plaintiff now seeks further responses to PODs 1, 2, 3 and 5. (ECF No. 58, p. 6.)

**POD 1:**

All copies of MRI's done on Walter Rapalo, at Valley State Prison, Chowchilla, CA 93610.

**POD 2:**

All copies of Request for Services done by all Primary Care Physicians at Valley State Prison, Chowchilla, CA 93610.

**POD 3:**

All copies of Specialist Reports, such as from any and all back specialists, neuro specialists or orthopedic specialists, while at Valley State Prison, Chowchilla, CA 93610.

**POD 5:**

All copies of any documents dealing with the back surgery done at Valley State Prison, Chowchilla, CA 93610.

**Response to PODs 1-3, 5:**

Defendants objects to this request on the grounds that it is not directed to any defendant in the case and on the further grounds that it seeks information contained in Plaintiff's medical records which are available to him at Valley State Prison and copies of which were previously provided by counsel for Defendants on or about June 19, 2014.

(ECF No. 58, Ex. B.)

**Ruling:**

Plaintiff's motion to compel the production of documents shall be denied. Defendants have provided Plaintiff with a copy of his medical records, which include all documents responsive to PODs 1-3 and 5. Plaintiff has not identified any documents that are missing from that production. To the extent that additional documents are located, the Federal Rules of Civil Procedure impose a continuing obligation on the parties to supplement their discovery responses if they learn that a response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Further, Defendants have expressed their willingness to participate in a meet and confer process with Plaintiff if he wishes to clarify what he seeks through discovery.

**IV.   Conclusion and Order**

For the reasons stated, Plaintiff's motion to compel Defendant Manasrah's responses to Plaintiff's discovery requests, filed on May 13, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **July 27, 2015**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE