UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO, | Case No.: 1:11-cv-01695-LJO-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROPOUND ADDITIONAL INTERROGATORIES |
| v. | (ECF No. 56) |
| S. LOPEZ, et al., | |
| Defendants. | |

### I. Introduction

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lopez, Scheaffer (erroneously sued as Shaffer) and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently pending before the Court is Plaintiff's request to propound additional interrogatories on Defendants Lopez and Schaffer, which was filed on May 4, 2015. (ECF No. 56.) Defendants opposed the motion on May 7, 2015, and Plaintiff replied on May 26, 2015. (ECF Nos. 57, 62.) The motion is deemed submitted. Local Rule 230(l).

### II. Procedural Background

On February 19, 2014, the Court issued a Discovery and Scheduling Order, which set the deadline to complete discovery as October 19, 2014. (ECF No. 27.) On October 20, 2014, the Court

modified the Discovery and Scheduling Order and extended the discovery deadline to November 14, 2014. (ECF No. 39.) On November 7, 2014, the Court extended the discovery deadline to February 12, 2015. The Court extended the deadline, in part, to allow Plaintiff additional time to serve discovery. (ECF No. 42.) On January 28, 2015, the Court extended the discovery deadline to June 12, 2015. The Court extended the deadline in order to permit Plaintiff time to review Defendants' discovery responses. (ECF No. 48.)

On May 4, 2015, Plaintiff requested leave to serve an additional fifty (50) interrogatories on Defendants Lopez and Schaffer. (ECF No. 56.)

On May 7, 2015, Defendants opposed Plaintiff's request to propound additional discovery. Defendants argue that Plaintiff has exceeded the allowable number of interrogatories and Defendants have already provided answers to Plaintiff's questions regarding the purported delay and denial of treatment. (ECF No. 57.)

Plaintiff replied on May 26, 2015. (ECF No. 62.)

**III. Request to Propound Additional Interrogatories**

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five, including discrete subparts, per party. The Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

1. <u>Plaintiff's Position</u>

Plaintiff contends that he was deposed by defense counsel on October 27, 2014, and was asked 235 questions. As Plaintiff is unable to depose the defendants, he requests leave to serve an additional 50 interrogatories. With respect to the additional interrogatories, Plaintiff asserts that he attempting to "establish facts on why [there] was a delay and/or denial of treatment at KVSP for 3 years." (ECF No. 56, p. 8.) Plaintiff claims that he has "run out of interrogatories to obtain information on why there was a delay or [denial] in his medical treatment at KVSP or why [defendants] think there was no delay or denial." (ECF No. 56, p. 8.)

///

2. <u>Defendants' Position</u>

Defendants counter that Plaintiff has received an entire copy of his medical record and already has asked defendants why there was a delay or denial of his medical treatment or why they believe that there was no delay or denial.  By way of example, Defendants identify the following from Plaintiff's first set of interrogatories to Defendant Schaefer:

**Interrogatory No. 19**
If the plaintiff was in your care for about two years, what medical reason do you have for not doing more for the Plaintiff other than medication, when the PMG instructs the provider to refer to specialist and get a MRI?

**Response to Interrogatory No. 19**
Defendant objects to this interrogatory on the ground that it is compound.  Without waiving said objections, the Pain Management Guidelines are guidelines and are not mandatory rules or regulations regarding pain management.  Defendant objects to this interrogatory on the grounds that it misstates the provisions of the Pain Management Guidelines.  Defendant appears to have seen Plaintiff on four occasions, two of which were for a medical condition (gastrointestinal) that took priority over Plaintiff's back pain and was the primary concern on two of the four visits.  Defendant did order MRI, and other physicians ordered x-rays and physical therapy.  The Pain Management Guidelines do not require referral.

**Interrogatory No. 24**
If the plaintiff arrived at KVSP in January 2009, and you became his PCP receiving around 34 medical requests 7362's complaining of back pain unit 12-27-10 when ordered a MRI, what medical reasons support such a delay 10 month delay?

**Response to Interrogatory No. 24**
Defendant objects to this request on the grounds that it [is] argumentative and assumes as true that which may not be true as Defendant does not know if she received 34 medical requests (CDCR Form 7362).  Defendant also objects to the term "delay" as it is argumentative.  Defendant did not delay providing Plaintiff medically appropriate care and treatment, including appropriate referrals for diagnostic studies such as x-rays and MRI[]s.  Plaintiff's clinical presentation did not warrant surgical intervention while he was at Kern Valley State Prison.  Defendant was not the only clinician who saw and examined Plaintiff.

**Interrogatory No. 25**
After the Plaintiff completed three months of physical therapy, and still complained of pain and back problems, what medical reasons support your denial of any other type of care or treatment?

**Response to Interrogatory No. 25**
Defendant objects to this interrogatory on the grounds that it is argumentative.  Without waiving said objection, Defendant did not deny Plaintiff care for his back problems at any time.

///

**Interrogatory No. 26**

3

If, after the Plaintiff completed physical therapy and sent thirteen medical requests in complain of back pain, why did you fail to respond with some type of care or treatment?

**Response to Interrogatory No. 26**
Defendant objects to this interrogatory on the grounds that it is argumentative. Without waiving said objections, Defendant never failed to respond to any medical need Plaintiff had for treatment or evaluation when such treatment was medically indicated and necessary.

**Interrogatory No. 27**
If the doctors and specialists at FCC recommended Plaintiff to have back surgery, then after being at KVSP for approximately 3 years, Plaintiff arrives at Valley State Prison, gets a MRI done, sees a specialist that recommends back surgery, Plaintiff gets the surgery. Why is your care different from other PCP's and specialists? If you care differs from all the others, how can it be considered adequate medical care?

**Response to Interrrogatory No. 27**
Defendant objects to this interrogatory on the grounds that it is compound and argumentative and calls for speculation. Defendant further objects on the grounds that it is based on a false premise that the clinicians at Florence Corrections Center recommended that Plaintiff have back surgery when they referred him for further consultation to see if surgery was necessary. Back problems are generally progressive and conservative and nonsurgical treatment is the preferred course until the objective clinical findings support the decision to refer for or perform surgery. Defendant notes that Plaintiff was seen by several physicians at Kern Valley State Prison who also did not believe surgical intervention was appropriate at that time.

**Interrogatory No. 28**
Was any care for the Plaintiff denied due to any non medical reasons, such as budget?

**Response to Interrogatory No. 28**
No.

**Interrogatory No. 29**
If the Plaintiff requests many times over the course of a couple years to see a specialist, what specific medical reasons support you denying such request?

**Response to Interrogatory No. 29**
Defendant objects to this interrogatory on the grounds that it is argumentative and based on an assumption that requesting referral to a specialist should and does automatically result in referral to a specialist. Defendant also objects as the interrogatory improperly assumes that this answering defendant never referred Plaintiff to a specialist. Defendant has never denied plaintiff referral to a specialist when such referral was medically appropriate.

Defendants also identify the following examples from Plaintiff's third set of interrogatories directed to Defendant Lopez:

**Interrogatory No. 11**
Does budget concerns affect your approval or denial of any type of medical care?

4

**Response to Interrogatory No. 11**
No.

**Interrogatory No. 12**
While the Plaintiff was at KVSP for almost 3 years and you were the CMO the whole time. And prior to coming to KVSP and after leaving, Plaintiff received adequate care such as MRI's and specialist referrals, specialist's recommendations honored and followed and back surgery received. But, while at KVSP he received non[e] of this, how can it be said Plaintiff received adequate medical care at KVSP?

**Response to Interrogatory No. 12**
Defendant objects to this interrogatory on the grounds that it is compound and argumentative. Without waiving said objections, back pain and disk disease such as Plaintiff and others exhibit is generally treated conservatively and surgery is never the first option. Plaintiff was provided with proper medical care based on his history and physical examination.

**Interrogatory No. 13**
If the Plaintiff received MRI's, specialist referrals, specialist recommendations followed and surgery done, all before KVSP and leaving, is the delay and denials of this care on you or the PCP while at KVSP?

**Repsonse to Interrogatory No. 13**
Defendant objects to this interrogatory on the grounds that it is compound and argumentative and vague and ambiguous. Plaintiff was not transferred back to California with a recommendation for surgery. Defendant did not delay or deny Plaintiff appropriate or necessary medical care.

**Interrogatory No. 14**
Dr. Shittu put in a request for x-rays to be done. Why wasn't that approved and the x-rays done?

**Response to Interrogatory No. 14**
Defendant objects to this interrogatory as it misstates the evidence. It is this answering Defendant's understanding that Plaintiff refused or declined x-rays on two occasions after Dr. Shittu ordered x-rays on December 14, 2009. Defendant understands that Plaintiff claims this was mistaken. As a result, the x-rays were re-ordered and done on February 26, 2010.

**Interrogatory No. 15**
In the Appeal Log No. KVSP-34-09-12817, you stated back surgery was not medically indicated. What specific medical factors are missing to support the denial? "Not Medically indicated" is a term that does not specifically detail the factors in support of a denial.

///
///

**Response to Interrogatory No. 15**

5

The phrase "not medically indicated" refers to the documented clinical examination and findings. For example, there were no neurological deficits on examination that would warrant workup by a specialist.

(ECF No. 57, pp. 3-6.)

3. <u>Plaintiff's Reply</u>

Plaintiff responds that he is pro se and entitled to leniency, defendants will not be prejudiced and the proposed interrogatories are not a repeat of already answered interrogatories.

4. <u>Discussion</u>

The Court has reviewed Plaintiff's moving papers, but does not find any basis to deviate from the presumptive limit on interrogatories established by Rule 33(a). Plaintiff already has asked, in a variety of interrogatories, why there was a delay or denial in his medical treatment at KVSP or why Defendants think there was no delay or denial. According to their responses, Defendants claim that they did not delay or deny Plaintiff appropriate care and treatment, including appropriate referrals for x-rays and MRIs, and never failed to respond to any medical need Plaintiff had for treatment or evaluation when such treatment was medically indicated and necessary. Defendants indicated that Plaintiff was not denied any treatment or care for non-medical reasons, such as budget. Defendants also claim that Plaintiff's clinical presentation did not warrant surgical intervention during the time he was at Kern Valley State Prison and he was provided with proper medical care based on his history and physical examination. There is no indication that there are additional interrogatories that would alter Defendants' responses or somehow provide additional information regarding Defendants' decisions related to specialist referrals, MRIs, x-rays and surgical intervention for Plaintiff's back while he was housed at Kern Valley State Prison. Plaintiff also has not suggested any such interrogatories for the Court's consideration.

**IV.  Conclusion and Order**

For these reasons, Plaintiff's request to propound additional interrogatories, filed on May 4, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **July 27, 2015**                              /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28