UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01695-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br>(ECF No. 59) |

### I.    Procedural Background

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Lopez, Schaefer (erroneously sued as Schaffer) and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On February 19, 2014, the Court issued a Discovery and Scheduling Order.  Pursuant to that order, the deadline to amend pleadings was August 19, 2014.  (ECF No. 27.)

On March 6, 2015, Plaintiff filed a motion for leave to file an amended complaint, along with a proposed second amended complaint.  (ECF Nos. 51, 52.)  On April 9, 2015, the Court denied the motion, in part, because it was untimely.  (ECF No. 54.)

1

On May 13, 2015, Plaintiff filed the instant motion for leave to amend, along with a proposed third amended complaint. (ECF Nos. 59, 60.) Defendants opposed the motion on May 26, 2015, and Plaintiff replied on June 11, 2015. (ECF Nos. 61, 64.) The motion is deemed submitted. Local Rule 230(l).

## II. Discussion

### A. Proposed Amendment

Plaintiff seeks to amend his complaint to add defendants to his Eighth Amendment claim for deliberate indifference to serious medical needs. Plaintiff identifies these defendants as Dr. Shittu and Dr. Huang, physicians who reportedly saw Plaintiff while he was housed at Kern Valley State Prison. (ECF No. 59, p. 2.) Plaintiff reports that a new inmate law clerk assisting him recently identified these defendants based on a review of Plaintiff's documents.

Defendants oppose the motion on the grounds that it is untimely and that Plaintiff did not exercise any diligence in seeking to amend the complaint.

### B. Legal Standard

As general matter, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to a pleading. However, as Plaintiff's request to amend is after expiration of the Scheduling Order deadline for amendment, the Court must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16, rather than the liberal amendment standard of Rule 15. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

2

Here, Plaintiff's attempt to amend is untimely. Further, there is no indication that Plaintiff was diligent in seeking amendment. Plaintiff made no effort to add these defendants prior to the relevant deadline to amend the pleadings in August 2014. Although Plaintiff contends that he discovered these defendants after an inmate law clerk recently reviewed his documents, this is not sufficient to demonstrate diligence. As Defendants point out, Plaintiff should have known who provided him treatment at the outset of this litigation. Even if he could not recall their names, Defendants provided Plaintiff with a copy of his medical records on June 19, 2014. Plaintiff did not seek leave to amend at that time or at any time prior to the relevant deadline. Instead, Plaintiff waited nearly a year before bringing the instant motion to amend.

### III.     Conclusion and Order

For the reasons stated, Plaintiff's motion for leave to file an amended complaint, filed on May 13, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **July 27, 2015**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE