# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAPALO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01695-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE JUDGE'S RULING OF ECF NO. 72<br><br>(ECF No. 84) |

## I.    Background

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lopez, Schaeffer (erroneously sued as "Schaffer"), and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On July 27, 2015, the magistrate judge denied Plaintiff's motion for leave to file an amended complaint to add additional doctor defendants and deliberate indifference claims against them. (ECF No. 72.) Plaintiff filed his motion for leave to amend over eight months after the deadline for amending pleadings set in the scheduling order in this case. The magistrate judge, in denying Plaintiff's request for leave to amend, found the request was untimely, and there was no indication that Plaintiff was diligent in seeking amendment. The magistrate judge noted that although Plaintiff

1

contended he had just recently discovered the identity of the proposed new defendants, he should have known who provided him treatment at the outset of this litigation. Even if Plaintiff had forgotten the providers' names, the magistrate judge found that Plaintiff should have discovered their names within a reasonable time of being provided a copy of his medical records on June 19, 2014. Yet, Plaintiff did not seek leave to amend at that time, or at any time prior to the relevant deadline. (Id. at 3.)

Currently before the Court is Plaintiff's motion for reconsideration of the magistrate judge's order. (ECF No. 84.) Defendants opposed Plaintiff's motion for reconsideration, (ECF Nos. 86, 87), and Plaintiff replied, (ECF No. 90). The motion is deemed submitted. Local Rule 230(l).

## II. Discussion

### A. Legal Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

### B. Analysis

Plaintiff first argues that the magistrate judge applied the wrong standard in evaluating his motion requesting leave to amend, and he attacks her reliance on his lack of diligence in denying his motion. Plaintiff contends that the magistrate judge should have applied the standard for Federal Rule of Civil Procedure 21, because his motion sought to add additional parties. Since Rule 21 permits parties to be added "at any time," Plaintiff argues that the magistrate judge erred in denying his motion. (ECF No. 84, p. 3.) Plaintiff's argument has no merit here.

Rule 21, titled "Misjoinder and Non–Joinder of Parties," provides in pertinent part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 21 gives no guidance on the standards to be applied in determining whether to allow a party to be added or dropped, other than stating it must be "on just terms." Consequently, courts generally "apply

2

1  the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" Rodriguez v.
2  City of Phoenix, No. CV-11-01992-PHX-JAT, 2014 WL 1053602, at *6 (D. Ariz. Mar. 19, 2014)
3  (quoting Allstate Ins. Co. v. Elzanaty, 916 F.Supp.2d 273, 302-03 (E.D.N.Y. 2013)).

    However, in this case, Plaintiff filed his motion for leave to amend his pleading after the deadline for doing so had long passed under the scheduling order, and thus his motion implicitly required the modification of that order. As a result, Rule 16(b), which applies to requests to modify scheduling orders, also applied here. The Ninth Circuit has explained that when both Rule 16 and Rule 15 apply to a motion seeking to amend the pleadings, the motion "is governed first by Rule 16(b), and only secondarily by Rule 15(a)." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.1992)).

    The standard for a request to modify under Rule 16(b) requires the movant to show "good cause" for the modification. Fed. R. Civ. P. 16(b)(4). Therefore, a plaintiff seeking to amend his complaint to add parties after the deadline set by the scheduling order for amending pleadings must first show "good cause" for not amending the complaint sooner. This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. If the plaintiff does not show diligence, the inquiry ends. Id. Thus, the magistrate judge in this case properly first considered whether Plaintiff was diligent in making his request to amend his pleading when deciding whether to grant or deny his motion.

    Plaintiff argues that the magistrate judge erred in finding he was not diligent in seeking to amend his complaint, because although he received his medical files containing the names of his new proposed defendants in June 2014, he could not read those files at that time because he cannot read English. Plaintiff states that he has the help of inmate law clerk helpers, but he has gone through four inmate helpers due to transfers. He is now on his fifth inmate law clerk helper, who just recently discovered that the proposed defendants should be added. Plaintiff argues that by actively seeking help from helpers who can read and write in English to assist him with his case, and by promptly acting on the fifth inmates' advice, he has shown the necessary diligence for his amendment here.

    The Court disagrees that Plaintiff has shown diligence in seeking to amend his complaint here. Plaintiff, with the assistance of his helpers, has filed numerous motions in this case, including motions

for extensions of deadlines and other motions to amend his complaint. Plaintiff also admits in his reply that he discussed with his former helpers that there were several doctors who failed to provide him sufficient care, and he also discussed these doctors during his deposition. (ECF No. 90, p. 3.) Nevertheless, Plaintiff did not attempt to amend his complaint to add the missing defendants he wished to sue until over eight months after the deadline to amend the pleadings passed, although he made many other motions in the meantime. The fact that he could not read English does not explain why he was able to litigate his case in many other respects but not meet the deadline to amend his pleading, nor does it excuse his lack of diligence here. As Defendant argues, the fact that Plaintiff's motion to amend was made this late in the litigation shows that he and his inmate helpers were not diligent in reviewing his records and ensuring that all the parties he wished to sue were timely added as defendants in this case.

Plaintiff also briefly contends in his reply that the California Department of Corrections and Rehabilitation ("CDCR") is complicit in his lack of diligence because he was directed to the law library and law clerks for help with his case, but he could not read English to verify their work and was not provided help for this issue. However, CDCR is not a party to this matter, and Plaintiff admits in his filings that he always had legal assistance from bilingual law clerks and inmates for his case when he sought it, and there have been "no gaps between those who helped him." (ECF No. 90, pp. 3-4.) The Court finds no evidence of inadequate assistance here. Instead, the Court agrees with the magistrate judge's ruling, and further finds that Plaintiff has not shown sufficient grounds for reconsideration of that ruling.

**III.    Conclusion and Order**

For the reasons stated above, Plaintiff's motion for reconsideration of the magistrate judge's order denying his motion for leave to amend, (ECF No. 84), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 4, 2016**            /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28