**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER RAPALO,<br><br>    Plaintiff,<br><br>    v.<br><br>S. LOPEZ, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01695-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE JUDGE'S RULINGS (ECF NOS. 70 AND 71)<br><br>(ECF No. 85) |

**I.    Background**

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lopez, Schaeffer (erroneously sued as "Schaffer"), and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On July 28, 2015, the magistrate judge denied Plaintiff's motion to propound additional interrogatories, (ECF No. 70), and denied Plaintiff's motion to extend the discovery deadline, (ECF No. 71). Plaintiff requested leave to serve 50 additional interrogatories on Defendants Lopez and Schaffer, but the magistrate judge found Plaintiff had not shown any sufficient basis for deviating from the presumptive limit on interrogatories established in Federal Rule of Civil Procedure 33(a). (ECF No. 70, p. 6.) Plaintiff argued that he needed the additional interrogatories to obtain information

1

on why there was a delay or denial in his medical treatment, or why the Defendants think there was no delay or denial. (Id. at 2.) After carefully evaluating the interrogatories already propounded, the magistrate judge found that Plaintiff had already asked for this information in a variety of interrogatories, and received substantive responses from the Defendants. (ECF No. 70, p. 6.) Plaintiff also showed no indication that there were additional interrogatories that would alter Defendants' responses or somehow provided additional information regarding Defendants' decisions. (Id.) In a separate order, the magistrate judge denied Plaintiff's request to extend the discovery deadline, finding it vague and unsupported. (ECF No. 71.)

Currently before the Court is Plaintiff's motion for reconsideration of the magistrate judge's orders. (ECF No. 85.) Defendants opposed Plaintiff's motion for reconsideration, (ECF Nos. 88, 89), and Plaintiff replied, (ECF No. 91). Plaintiff also filed a supplement to his motion. (ECF No. 92.) The motion is deemed submitted. Local Rule 230(l).

**II.    Discussion**

    **A.    Legal Standard**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

    **B.    Analysis**

Plaintiff argues that the magistrate judge erred in noting in her order that he did not suggest any interrogatories for the Court's consideration. (ECF No. 70, p. 6.) He argues that the magistrate judge should have considered the interrogatories he propounded on Defendants that they objected to as exceeding the number permitted by Rule 33, which were attached to his motion as exhibits, (ECF No. 56, pp. 11-41). There are 41 such interrogatories in Plaintiff's attachments. Plaintiff argues that these questions are relevant to the issues of delay and denial of courses of treatment. (ECF No. 85, p. 6.) He

states that his first 25 interrogatories were used to establish that Defendants performed x-rays and MRI, but Defendants have, for example, not explained why they waited to do the MRI, and what course of treatment the MRI findings indicated. (Id. at 5.) Plaintiff argues that he needs the additional interrogatories to ask these additional questions, and other questions expanding on each of his medical visits. (Id. at 6.)

Plaintiff has not provided sufficient grounds for reconsideration of the magistrate judge's order here. Several of Plaintiff's proposed interrogatories are repetitive of interrogatories he has already asked. The magistrate judge noted that Plaintiff has already asked why there was a delay or denial in his medical treatment, and Defendants essentially responded that they did not delay or deny any appropriate care or treatment. Yet Plaintiff's proposed interrogatories again ask Defendants why they delayed or denied treatments, with very little variation from his prior questions. For example, the magistrate judge noted that Plaintiff specifically asked why, despite his long-standing complaints of back pain, Defendants delayed ordering an MRI until December 2010, and that Defendants answered that there was no delay in medically appropriate care and treatment. (ECF No. 70, p. 3.) Despite this question being answered, Plaintiff proposes an interrogatory to Defendants asking why, despite his complaints of chronic back pain and an MRI showing a lumbar spine problem, Defendants did not refer Plaintiff for an MRI until December 2010. (ECF No. 56, p. 21.) Several of Plaintiff's other proposed interrogatories are similarly redundant of his prior interrogatories. As the magistrate judge found, there is no indication here that these additional interrogatories would somehow alter Defendants' responses or provide additional relevant information.

Other interrogatories proposed by Plaintiff are unrelated to the issues of delay or denial of treatment, and many of them ask about information which Plaintiff already has available to him in his medical records. For example, Plaintiff asks, according to his medical file, how many progress notes and referrals were made for him during certain periods, whether certain types of referrals, consultations, or treatments were recommended for him, and what treatments or care he received. Additional proposed interrogatories are not proper interrogatories in that they merely ask Defendants to admit some fact is true. In sum, Plaintiff has not shown that the magistrate judge erred in finding that he did not show any basis for deviating from the limit on interrogatories set forth in Rule 33(a).

Regarding Plaintiff's request to modify the scheduling order, he argues that he needs a discovery extension because he filed a motion to propound additional discoveries. (ECF No. 85, p. 7.) He states that because he has shown the magistrate judge's order denying his request to propound additional discovery must be set aside, he has shown good cause to modify the scheduling order. The Court disagrees; Plaintiff has not shown any error in the magistrate judge's prior orders, nor has he provided any support, much less good cause, for extending the discovery schedule here. Fed. R. Civ. P. 16(b)(4) (requiring good cause be shown to modify a scheduling order).

Finally, Plaintiff's supplement provides no grounds for reconsideration of the prior orders here. In the supplement, Plaintiff provides an order from an unrelated case pending in the Central District of California, in which that court allowed the plaintiff in that matter to propound additional interrogatories on the defendants. (ECF No. 92, pp. 4-5.) Plaintiff contends that this Court should grant his motion for reconsideration in the interest of uniformity among Ninth Circuit district courts. (Id. at 1-2.) The order by that Central District of California court specifically states that it was made under the circumstances of that specific matter, including the interrogatories propounded and objections made to them by the defendants in that case. There is nothing in that order which makes it persuasive under the circumstances of this case before this Court.

### III. Conclusion and Order

For the reasons stated above, Plaintiff's motion for reconsideration of the magistrate judge's orders denying his motion for leave to propound additional interrogatories and for an extension of the discovery deadline, (ECF No. 85), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 7, 2016**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE