**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER RAPALO,<br><br>    Plaintiff,<br><br>    v.<br><br>S. LOPEZ, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01695-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING LEAVE TO DEPOSE A NON-PARTY BY WRITTEN DEPOSITION, AND REQUEST TO SERVE SUBPOENA<br><br>(ECF Nos. 77, 78, 80) |

**I.  Background**

Plaintiff Walter Rapalo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Lopez, Schaeffer (erroneously sued as "Schaffer"), and Manasrah for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently before the Court are Plaintiff's motion request leave to depose a non-party by written deposition pursuant to Federal Rule of Civil Procedure 31, (ECF No. 77), Plaintiff's notice to the proposed deponent, (ECF No. 78), and Plaintiff's motion requesting that the U.S. Marshall be directed to serve a subpoena for testimony, (ECF No. 80). Defendants opposed Plaintiff's motion and request to serve subpoena. (ECF Nos. 82, 83.) The time permitted for Plaintiff to file any replies has passed, and he filed none. The motions are deemed submitted. Local Rule 230(l).

**II.     Discussion**

Plaintiff seeks to depose through written questions Dr. Toor, his primary care physician at Valley State Prison ("VSP"), regarding "the adequate care, type of care and treatment his PCP prescribed for him without any delays." (ECF No. 78, pp. 1-2.) Plaintiff proposes that a notary employed by VSP act as the "officer" taking the deponents testimony under the Rule. Fed. R. Civ. P. 31(b). Plaintiff states that he can pay any fees for the notary from his trust account, (ECF No. 77, p. 2), and his proposed subpoena to be served indicates the deposition shall be taken at VSP on a date and at a time to be determined, (ECF No. 80, p. 2.) He seeks for the Court to order the litigation coordinator at VSP to make arrangements for the specific place and time for the deposition, verify he can pay the necessary fees, select an appropriate notary to serve as the deposing officer, and make all other necessary arrangements. (ECF No. 77, pp. 2-3.)

Defendants oppose Plaintiff's motions, arguing that his request for the deposition is untimely because discovery closed before he noticed the deposition, and arguing that Plaintiff has failed to satisfy the requirements for such a deposition under Rule 31. (ECF Nos. 82, 83.) The Court agrees.

As Defendants note, the Court extended discovery in this matter several times on the parties' request and with good cause shown, (ECF Nos. 39, 42, 48), eventually extending it until June 12, 2015, (ECF No. 48). Nevertheless, Plaintiff did not serve and file his current motion for a written deposition of a non-party, (ECF No. 77), notice of deposition (ECF No. 78), and request to subpoena a non-party, (ECF No. 80), until July 29, 2015, after discovery closed. Although the scheduling order setting forth discovery deadlines in this case may be modified on good cause shown, Fed. R. Civ. P. 16(b)(4), Plaintiff's made no request for modification before the relevant deadline passed, and his filings do not show any good cause for his belated discovery attempt here.

Furthermore, Plaintiff has not shown that he has satisfied the requirements for a deposition by written questions under Rule 31. Rule 31(a)(1) provides that a party may depose any person by written questions and compel the deponent's attendance by subpoena. Fed. R. Civ. P. 31(a)(1). As one court explained:

> Depositions by written questions must be taken pursuant to the procedures set forth under Fed. R. Civ. P. 31. The procedure would involve plaintiff

2

sending out a notice of deposition identifying '(a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur.' Lopez v. Horel, C 06–4772 SI PR, 2007 WL 2177460 n. 1 (N.D.Cal. July 27, 2007) aff'd, 367 F. App'x 810 (9th Cir.2010). There would then be an opportunity for the parties to exchange written cross-examination questions for the witness, followed by written re-direct questions, and then written re-cross-examination questions. Id. The questions would then be sent to the deposition officer who would depose the witness with the scripted questions. Id. As for an oral deposition, the responses are reported and the transcript prepared by a court reporter. Id.

Pitts v. Davis, No. 2:12-CV-0823 TLN AC, 2014 WL 29723, at *9 (E.D. Cal. Jan. 3, 2014), report and recommendation rejected in part on other grounds, No. 2:12-CV-0823 TLN AC, 2014 WL 2003092 (E.D. Cal. May 12, 2014). The written deposition procedure is generally not an inexpensive way for a prisoner to conduct discovery, and the evidence gathered from the process is usually limited. See Lopez, 2007 WL 2177460, at *2 n.2. The deposing officer will not deviate from the scripted questions, and thus the questions cannot be clarified or modified on-the-spot. Id. Furthermore, "Plaintiff's in forma pauperis status . . . does not entitle him to waiver of witness fees, mileage or deposition officer fees." Pitts, 2014 WL 29723, at *10 n.8 (quoting Brady v. Fishback, No. 1:06CV00136 ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. Apr. 30, 2008)).

In this case, Plaintiff has neither shown compliance with these procedures nor the ability to pay the necessary fees and costs. Plaintiff's notice does not identify the date and time for the deposition, nor does it provide the list of exact questions to be asked of the deponent. Although Plaintiff contends that he can pay the deposition officer's fees from his trust account, he has provided nothing showing that he can pay all of the costs associated with the deposition, which also include fees for a court reporter, the cost of transcribing the deposition, and witness fees and any necessary mileage fees under Rule 45(b)(1). As one court has observed: "If plaintiff wants to depose [a witness] on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so." Lopez, 2007 WL 2177460, at *2. The Court will neither aid the Plaintiff in scheduling the deposition or in making any necessary arrangements, nor will it order others to do so.

### III. Conclusion and Order

Based on the foregoing, Plaintiff's motion requesting leave to depose a non-party by written deposition, (ECF No. 77), and related motion to serve a subpoena on a non-party, (ECF No. 80), are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 7, 2016**                    /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE